UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| KEVIN STUBBLEFIELD, | ) | |
|---|---|---|
| | ) | Case Nos. 4:20-cv-42; 4:11-cr-12 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Kevin Stubblefield's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 4:20-cv-42; Doc. 621 in Case No. 4:11-cr-12.) For the following reasons, the Court will **DENY** Petitioner's motion.

### I. BACKGROUND

On September 6, 2011, Petitioner entered a plea agreement with the Government, in which he agreed to plead guilty to conspiracy to manufacture and distribute five grams or more of methamphetamine (actual) and fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Doc. 302 in Case No. 4:11-cr-12.). As part of his plea agreement, Petitioner waived his right to appeal, except that he retained the right to "appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court." (*Id*. at 8–9.)

On December 12, 2011, after accepting Petitioner's guilty plea, United States District Court Judge Harry S. Mattice, Jr. calculated Petitioner's guideline range as eighty-four to one-

hundred-and-five months' imprisonment. Judge Mattice then sentenced Petitioner to eighty-four months' imprisonment, to run consecutively to his undischarged state sentence. (Doc. 406 in Case No. 4:11-cr-12.)

In October 2012, Petitioner sent a letter to the Assistant United States Attorney assigned to his case, indicating that he wanted to file an appeal. After the prosecutor forwarded the letter, the United States Court of Appeals for the Sixth Circuit docketed the letter as a notice of appeal (Doc. 494 in Case No. 4:11-cr-12), but eventually dismissed the appeal as untimely (Doc. 504 in Case No. 4:11-cr-12). Petitioner then filed a petition for writ of certiorari to the United States Supreme Court, which denied the petition on January 28, 2014. (Doc. 506 in Case No. 4:11-cr-12.) In October 2017, the Court reduced Petitioner's sentence to seventy months' imprisonment based on Amendment 782 to the United States Sentencing Guidelines. (Doc. 572 in Case No. 4:11-cr-12.)

On September 8, 2020, Petitioner filed the instant § 2255 motion. (Doc. 1 in Case No. 4:20-cv-42; Doc. 621 in Case No. 4:11-cr-12.) In his motion, Petitioner asserts that he received ineffective assistance of counsel at sentencing, alleging that his counsel failed to object to improperly calculated criminal history points attributed to him and that he failed to timely file an appeal on his behalf. (Doc. 1, at 7 in Case No. 4:20-cv-42.) Petitioner also claims that he asked counsel to renew his objection to his criminal history points in connection with his motion to reduce his sentence pursuant to Amendment 782, but his counsel "stated he was only dealing with the Amendment 782 reduction." (*Id.*) Petitioner's § 2255 motion is ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. Because Petitioner did not initially file a direct appeal, his judgment became final on January 3, 2012, fourteen days after the Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A)(ii);

*Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir. 2004). Alternatively, assuming Petitioner's judgment did not become final until the Supreme Court denied his writ of certiorari, his judgment became final in January 2014. *See Starnes v. United States*, 18 F. App'x 288, 292 (6th Cir. 2001). On October 5, 2017, the Court granted Petitioner's motion to reduce his sentence to seventy months' imprisonment based on Amendment 782 to the United States Sentencing Guidelines. (Doc. 572 in Case No. 4:11-cr-12.)

Despite failing to file his § 2255 motion within a year of any of these dates, Petitioner claims that his motion is timely because from December 20, 2011, until May 2020, he was in state custody, and he filed his motion within a year of being taken into federal custody. (*See* Doc. 1, at 7 in Case No. 4:20-cv-42.) The Sixth Circuit, however, has squarely rejected this argument. *See Ospina v. United States*, 386 F.3d 750 (6th Cir. 2004). Petitioner's motion is therefore untimely under § 2255(f)(1).[1]

Additionally, Petitioner is not entitled to equitable tolling. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In this case, Petitioner has not demonstrated that he has diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his § 2255 motion. Petitioner's assertion that he did not have adequate access to a law library while in state custody

---

[1] Petitioner does not assert that his motion is timely under §§ 2255(f)(2), (3), or (4).

is insufficient to warrant equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003). Further, ignorance of the law and the limitations period does not toll the time limit for filing a § 2255 motion. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Petitioner did not file his § 2255 motion until September 8, 2020—more than eight years after his original judgment became final, more than six years after the Supreme Court denied his petition for a writ of certiorari, and almost three years after the Court reduced his sentence based on Amendment 782. He has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his motion. Accordingly, the Court will deny Petitioner's § 2255 motion as untimely.

## B. Merits of the Petition

Even if Petitioner's motion were timely, the Court would deny his § 2255 motion on the merits, with one exception. If Petitioner's motion were timely, the Court would hold an evidentiary hearing regarding whether his counsel was ineffective for not timely filing a notice of appeal. To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Petitioner's assertion that counsel disregarded his instruction to file a notice of appeal would normally entitle him to an evidentiary hearing. *See Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015); *see also Garza v. Idaho*, 139 S.Ct. 738 (2019) (holding that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal . . . regardless of whether the defendant has signed an appeal waiver"). An evidentiary

5

hearing is unnecessary, however, because Petitioner's ineffective-assistance-of-counsel claim is untimely under 28 U.S.C. § 2255(f).

The remaining arguments advanced in Petitioner's § 2255 motion are meritless. Petitioner primarily argues that he received ineffective assistance of counsel at sentencing because his counsel withdrew his objection to the Court's calculation of his criminal-history points. (Doc. 1 in Case No. 4:20-cv-42, at 7.) Specifically, Petitioner argues that he improperly received criminal-history points for offenses based on conduct that occurred after the charged offense in this case occurred. (*Id*.) The record reflects that Petitioner's counsel objected to the application of those criminal-history points in a sentencing memorandum and objections to the presentence report filed before sentencing. (Doc. 390-1, at 7–8 in Case No. 4:11-cr-12.) At sentencing, Petitioner's counsel engaged in the following exchange with the Court regarding the objection to Petitioner's criminal-history-point calculation:

| | |
|---|---|
| Mr. Thompson: | Well, Your Honor, then I said that because he got three criminal history points for the state cases in Franklin County court that occurred on the 24th and 25th of June, 2010, and even though the footnotes say that from what I've read, and it's 4A1.2 – |
| | . . . |
| Mr. Thompson: | Yes. The commentary says the Court can do it. But on the other hand – |
| The Court: | The Court can do what? |
| Mr. Thompson: | It can give him three points. |
| The Court: | Matter of fact, I think basically it says I'm supposed to give him three points, does it not? |
| Mr. Thompson: | It will. Yes, it does. But, however, it does contradict 4A1.2(e)(1) when it says this, Your Honor, any prior sentence of imprisonment exceeding one year and one month that was imposed within 15 years of the defendant's commencement, commencement, let me emphasize that, of |

6

| | |
|---|---|
| | the instant offense is counted. Then on two it says, any other prior sentence that was imposed within 10 years of the defendant's commencement of the instant offense, which, you know, instead of beginning, we all know it happened afterward. So, it kind of contradicts. But I do concede the commentary – |
| The Court: | Well, no, I'm not sure it does. It says that any prior sentence of imprisonment exceeding one year and one month that was imposed within 15 years. Then number two says, any prior sentence without respect to the length is probably what that means. |
| Mr. Thompson: | Okay. |
| The Court: | That was imposed within 10 years. So, I mean, it's just saying that if a sentence exceeded on year on one month, we're going to go back 15 years, if it didn't, it wasn't of that length, we're just going to go back 10. That's not contradictory, is it? |
| Mr. Thompson: | Well, I guess the Court would rule on that one, too, Your Honor. |
| The Court: | Well, I find that that's not contradictory. I think – |
| Mr. Thompson: | Yes, sir. |
| The Court: | I think I understand that. So, what's your argument on this? |
| Mr. Thompson: | Well, I guess that, you know, when I read the commentary I would guess that I should have withdrawn that objection. |
| The Court: | All right. **Well, I'm going to overrule that objection as well**. |

(Doc. 499, at 11–13 in Case No. 4:11-cr-12 (emphasis added).) The foregoing demonstrates that counsel raised Petitioner's objection to the Court's calculation of his criminal-history points and that the Court ruled on the objection. As a result, Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance.

7

Similarly, Petitioner has not demonstrated counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's performance in connection with his motion to reduce his sentence. Pursuant to Standing Order 14-07, the Court appointed Federal Defender Services of Eastern Tennessee to represent Petitioner in connection with his motion to reduce his sentence based on Amendment 782. The Court granted Petitioner's motion and reduced his sentence to seventy months' incarceration. (Doc. 572.) Under these circumstances, Petitioner cannot demonstrate that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's failure to reassert an objection that the Court previously ruled on.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 4:20-cv-42; Doc. 621 in Case No. 4:11-cr-12.) is **DENIED**. Petitioner's motion for evidentiary hearing (Doc. 12 in Case No. 4:20-cr-42) and his motion for judicial notice (Doc. 13 in Case No. 4:20-cv-42) are **DENIED AS MOOT**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGEMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**